559 A.2d 555

**Debra ULLOM, Appellant,**

v.

**Roland Garth ULLOM, Appellee.**

**Debra ULLOM, Appellee,**

v.

**Roland Garth ULLOM, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 31, 1989.

Filed May 26, 1989.

Lori K. Serratelli, Harrisburg, for appellant in No. 464 and appellee in No. 494.

Paul R. Wagner, Harrisburg, for appellee in No. 464 and appellant in No. 494.

Before WIEAND, POPOVICH and HESTER, JJ.

WIEAND, Judge:

The principal issue in these cross-appeals from an order of equitable distribution is whether "good will," found by the hearing court to be an asset of a closely held corporation, can be excluded from marital property by the court in equitably distributing shares of stock in that corporation.

Debra Ullom and R. Garth Ullom were married on November 26, 1977. From 1972 until the present, and throughout the marriage, husband was employed at Cumberland Valley BMW, Inc., a closely held corporation of which husband's father is president and the majority shareholder. The corporation is a car dealership, engaged in the business of selling BMW and Subaru automobiles. Husband is currently vice president of the corporation, earning approximately $60,000.00 per year in that capacity and also from his earnings as a professional race car driver. Husband is the holder of fifty (50) of the 410 outstanding shares of the corporation's stock. Wife is a graduate of Cornell University, and during the marriage was employed full-time at Cumberland Valley BMW, Inc., earning a salary of $20,000.00 per year. During the marriage, the parties acquired a one-fourth interest in a travel agency business, First World Management of Pennsylvania, which they be-

gan with three other couples and where wife currently is employed, earning approximately $9,000.00 per year. No children were born of the marriage. The parties were divorced in a bifurcated proceeding on February 19, 1988. The matter of equitable distribution of the parties' marital assets was referred to a master, who held a full hearing and filed his recommendations on November 10, 1987.

At the hearing before the master, wife presented the report and testimony of William Boles, CPA, which placed a value of $147,150.00 upon the husband's shares of Cumberland Valley BMW, Inc. This sum he arrived at by applying a capitalized earning method and an industry average operator's margin method. He testified that he capitalized the corporation's excess earnings at ten (10%) percent to estimate a good will value of $1,295,130.00 and placed an overall value of the corporation's stock at $1,609,428.00. He then discounted the stock by 12.5% because of its lack of marketability and further discounted husband's minority shares by 12.5%, arriving at the conclusion that husband's shares had a market value totalling $147,150.00. Husband's expert witness, Michael Menear, a CPA and accountant for the corporation, valued the entire corporation at its book value of $355,583.00. He testified that the stock should be valued under the stock purchase agreement at the price at which husband had purchased the shares plus a seven (7%) percent incremental increase per annum. He also valued the stock using an industry average return on tangible assets of 15.7%, a capitalization rate of 15% and a discount factor for husband's minority interest of 50%. By averaging these two methods, husband's expert witness arrived at the value of husband's stock as $21,000.00. This valuation did not include good will as an asset in evaluating the corporation or in valuing the stock. The master accepted the value placed on the stock by wife's expert and determined that the stock should be distributed between the parties at a value of $147,150.00. Husband filed exceptions to the master's recommendations, and the hearing court

altered the distribution suggested by the master. It entered the equitable distribution order from which both husband and wife have appealed.

The hearing court valued the marital estate at $102,-462.00 and made the following distribution of property in kind to the parties:

To wife:

| | |
|---|---|
| First World Management of Pennsylvania stock | $20,000.00 |
| Farmers Trust Company bank account | 2,000.00 |
| BMW automobile | 10,000.00 |
| Personal property in the residence | 18,000.00 |
| | $50,700.00 |

To husband:

| | |
|---|---|
| Cumberland Valley BMW, Inc. stock | $32,523.00 |
| Commonwealth National Bank account | 5,039.00 |
| BMW automobile | 9,000.00 |
| Shelby automobile | 5,200.00 |
| | $51,762.00 |

In order to effect a division of property of sixty-five (65%) percent to wife and thirty-five (35%) percent to husband, the court ordered husband to make an additional payment of $15,900.30 to wife.

The principal issue raised by wife on appeal is whether the court erred in its distribution of the fifty shares of stock of Cumberland Valley BMW, Inc. Wife argues that the court acknowledged that good will is a corporate asset to be included in the valuation of a corporation, but incorrectly excluded that asset in distributing the marital property.[1] Wife also raises other issues regarding the valuation of

---

1. After determining that no estimated good will value of the stock would be distributed to wife, the court valued the shares at the book value reduced by 25% for husband's minority interest and the lack of marketability of the shares as part of a close corporation. The court concluded that the total value of the husband's fifty shares equalled $32,523.00.

personal property,[2] as well as the court's denial of her request for alimony, counsel fees and costs. Wife concedes, however, that these additional issues have been raised only to balance the distribution should good will be excluded from the distributed assets. Because of our disposition of the wife's first issue, we need not discuss her remaining issues at length. Husband, on cross-appeal, challenges the trial court's determination that the stock of Cumberland Valley BMW, Inc. was marital property, arguing that he obtained the stock prior to the marriage and that, therefore, it should have been excluded from the distribution of marital assets.

On appeal from an order of equitable distribution, this Court's scope of review is limited to a determination of whether the hearing court abused its discretion. *Winters v. Winters*, 355 Pa.Super. 64, 512 A.2d 1211 (1986); *LaBuda v. LaBuda*, 349 Pa.Super. 524, 503 A.2d 971 (1986), *appeal denied*, 514 Pa. 648, 524 A.2d 494 (1987). We are bound by all findings of fact made by the court which are supported by evidence of record. Therefore, only unsupported findings or erroneous applications of the law will justify reversal of an equitable distribution order by this Court. *Diamond v. Diamond*, 360 Pa.Super. 101, 519 A.2d 1012 (1987), *appeal denied*, 516 Pa. 633, 533 A.2d 92. "[A]n abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.... However, an abuse of discretion will be found by this court if the trial court failed to follow proper legal procedure or misapplied the law." *Id.*, 360 Pa.Superior Ct. at 106, 519 A.2d at 1014, quoting *Braderman v. Braderman*, 339 Pa.Super. 185, 190, 488 A.2d 613, 615 (1985).

█ First, we must address whether the hearing court erroneously included the stock of Cumberland Valley BMW,

**2.** Wife states that the court erred in valuing personal property distributed to her at $18,000.00 without adjusting for depreciation. However, prior to the master's hearing, the parties stipulated to the value of the personal property at this figure. Wife cannot now retract that stipulation on appeal.

Inc. in the marital assets. Husband argues that one month prior to his marriage he contracted to buy this stock and obtained a loan from his father to do so. The hearing court found, however, that the corporation had merely entered into a stock purchase agreement with husband on that date which *allowed* him thereafter to purchase fifty shares of stock at $200.00 each, a total of $10,000.00. The court further found that marital funds had been used to pay for the subsequent purchase of the stock. After the final payment was made, the corporation issued a stock certificate to husband on February 27, 1980. The court concluded that the stock was an asset which had been acquired during marriage and that it was, therefore, marital property. This finding is amply supported by the evidence. The "[t]ime of acquisition is the factor that the legislature mandates the courts use in determining whether property is a marital asset." *Anthony v. Anthony*, 355 Pa.Super. 589, 594, 514 A.2d 91, 93 (1986). Clearly, in this case, although the agreement to purchase the stocks was entered by husband one month prior to the marriage, the stocks were not acquired in fact until they had been paid for in full and a stock certificate had been issued. Both of these events occurred after the marriage had taken place.

Husband also contests the hearing court's determination that the restriction on the stock did not set its value. The restriction provided:

> The stock so sold shall be restricted so that it cannot be transferred to a third party without first offering it to the Corporation. Additionally, the Corporation will be obligated to repurchase the shares upon termination of employment of any of the aforesaid employees for a price equal to their cost plus an increment of 7% per annum.

The court found that this provision did not limit the value of the stock but only required the seller to offer the shares to the corporation. The evidence supports the court's interpretation that if the corporation was unwilling to pay the

seller's asking price, the seller was free to sell to another buyer.

The next issue presents a more difficult problem. The hearing court, in rejecting the master's recommendation to distribute the stock at a value which included good will, cited *Beasley v. Beasley*, 359 Pa.Super. 20, 518 A.2d 545 (1986), *appeal denied*, 516 Pa. 631, 533 A.2d 90 (1987), in which the Superior Court had held that good will was not an element in the valuation of the solo practice of an attorney. However, the Court there did "not ... say that good will expressed as a share of a partnership or professional corporation, with an ascertainable value which can be purchased or transferred, is to be excluded." *Id.*, 359 Pa.Superior Ct. at 42 n. 4, 518 A.2d at 556 n. 4. The hearing court, recognizing the distinction between the instant case and the facts in *Beasley*, stated:

> On the facts of the case sub judice we are satisfied that the formula used to estimate the value of the goodwill of Cumberland Valley BMW, Inc., as set by wife's accountant is not subject to an *automatic* exclusion for equitable distribution purposes. The question now becomes whether that estimated amount of goodwill should be utilized on the facts of this case for equitable distribution purposes. That requires an analysis of the factors we must consider in dividing marital property under Section 401(d) of the Divorce Code.

The court then proceeded to analyze the factors involved in this case, including the relative ages, education, incomes, and potential incomes of the parties, and determined that good will should not be considered as a factor for distribution purposes. This, we hold, was error.

Although the Pennsylvania courts have not ruled on the specific issue presented in the instant case, some guidance has been offered in similar situations. Good will has been defined as "the favor which the management of a business has won from the public, and probability that old customers will continue their patronage." *White v. Rairdon*, 52 D. & C. 558, 559 (Delaware County 1944). In *Buckl v. Buckl*,

373 Pa.Super. 521, 542 A.2d 65 (1988), the Superior Court held that good will was a factor in valuing an architectural partnership for the purpose of equitable distribution. In *Beasley v. Beasley, supra,* although the Court determined that good will was not a factor in placing a value on a lawyer's solo practice, it stated: "It would appear to be incontrovertible that good will is a valuable asset and in proper context must be considered in valuation of a property." *Id.,* 359 Pa.Superior Ct. at 35, 518 A.2d at 552. Courts of other jurisdictions have held good will to be an asset of a closely held corporation for the purpose of valuing its shares of stock for equitable distribution. See: *Locklear v. Locklear,* 92 N.C.App. 299, 374 S.E.2d 406 (1988) (hearing court correctly recognized good will as asset of closely held corporation but erred by failing to place value thereon for purpose of equitable distribution). See also: *In re Marriage of Brooks,* 742 S.W.2d 585 (Mo.App.1987) (describing methods for valuing good will of closely held corporation for marital distribution); *Patton v. Patton,* 318 N.C. 404, 348 S.E.2d 593 (1986) (hearing court must make specific findings as to value of closely held corporation, including value of good will, for equitable distribution). In keeping with the role of good will and the rationale advanced by the decided cases, it appears that the trial court erred when it refused to include existing good will in determining the value of husband's interest in the corporation.

> Good will is property of an intangible nature and constitutes a valuable asset of the business of which it is part, unless in the particular instance it is of too uncertain and contingent a nature to be appraised. Often a large portion of the intrinsic marketable or assessable value of a business consists of its good will. However, good will cannot be separated from the business in which it inheres, nor can it be disposed of independently from the business. It has no existence as property in and of itself, as a separate and distinct entity, but only as an incident of a continuing business having locality or name.

38 Am.Jur.2d Good Will § 3. Good will is a corporate asset and may not be separated from the other assets nor ignored

in determining the value of a corporate business.[3] See: *Buckl v. Buckl, supra.*

After the court had found good will to be a corporate asset, it was improper to exclude it in determining the value of the assets available for distribution. The factors considered by the court under § 401(d) of the Divorce Code [4] are intended to provide guidance in equitably distributing the assets accumulated during the marriage; they may not be used to exclude assets from the pool of marital property. When the court found that the valuation of the corporation included a value for good will, it erred in accepting the reduced "book value" for the purpose of valuing the stock for distribution. We must therefore reverse and remand for a redetermination of the value of husband's interest in Cumberland Valley BMW, Inc.[5]

Whether to award alimony,[6] counsel fees and costs [7] to a party in a divorce action is within the sound discretion of the hearing court, whose decision will not be reversed absent an abuse of discretion. *Mazzei v. Mazzei,* 331 Pa.Super. 432, 480 A.2d 1111 (1984); *Remick v. Remick,* 310 Pa.Super. 23, 456 A.2d 163 (1983). That determination must

---

3. Husband relies on *Campbell v. Campbell,* 357 Pa.Super. 483, 516 A.2d 363 (1986), *appeal denied,* 515 Pa. 598, 528 A.2d 955 (1987), for the proposition that the hearing court is free to use the book value as a basis upon which to determine the value of the asset subject to equitable distribution. In *Campbell,* however, the hearing court determined, based on evidence of record, that the good will was not an asset of the corporation in question. The situation in the instant case is distinguishable. Here, the court found that good will *was* an asset, but chose to exclude it in distributing the marital property.

4. Act of April 2, 1980, P.L. 63, No. 26, § 101, 23 P.S. § 101, et seq.

5. The trial court stated in a footnote that wife's expert had failed to testify that his estimated value of good will was based on generally accepted accounting principles. The court also later referred to the good will value as "speculative." However, the hearing court determined that because it excluded good will on the facts of the case, the accuracy of the expert's valuation did not need to be further explored. Because we reverse the hearing court's basis for its distribution, we are unable to determine what good will value, if any, would have been accepted by the hearing court.

6. 23 P.S. § 501.

7. 23 P.S. § 502.

be based on the financial circumstances of the parties, including the amount each will receive after distribution of the marital property. *Fitzpatrick v. Fitzpatrick*, 377 Pa. Super. 268, 547 A.2d 362 (1988); *Braderman v. Braderman, supra; Geyer v. Geyer*, 310 Pa.Super. 456, 456 A.2d 1025 (1983). In the instant case, the court determined that the distribution of assets was sufficient to allow wife to bear her own attorney's fees and costs and that her education and talents made alimony unnecessary. This was not an abuse of discretion. Moreover, because we have held that the hearing court erred in excluding a valuable corporate asset when appraising the marital property, on remand wife's portion of the distribution will in all probability increase. Therefore, we find no error in the trial court's denial of wife's request for alimony, counsel fees and costs.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.