578 A.2d 1314

**Robert J. FEXA, Appellee,**

v.

**Barbara A. FEXA, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1990.

Filed Aug. 2, 1990.

482

Lynne Z. Gold Bikin, Norristown, for appellant.

Victor F. Cavacini, Allentown, for appellee.

Before OLSZEWSKI, KELLY and JOHNSON, JJ.

KELLY, Judge:

In this case, the appellant, Barbara Fexa, appeals from the denial of her exceptions to the Master's Recommendation and an order of equitable distribution. We find no merit in her challenges to the amount of the alimony award, the valuation date used for the distribution of pension and profit sharing plans, and the denial of counsel fees. However, we vacate the order of the trial court and remand for valuation and inclusion of the good will value of appellee Robert Fexa's dental practice in the distribution, correction of the dollar value of marital bank accounts, and for further consideration of the equitable distribution of the proceeds of a life insurance policy.

The panel is unanimous in its disposition of all contentions except the one dealing with the includability of the good will value of the husband's dental practice. On this issue, a plurality of the panel (including Judge Johnson and myself) agree that the trial court erred in excluding *any* good will value. Judge Olszewski agrees with the trial court that *none* should have been included. We examine this issue at length in the majority, concurring, and concurring and dissenting opinions in this case.

## I. *Facts and Procedural History*

The facts and procedural history are as follows. Barbara and Robert Fexa married in 1968, and separated in 1984. There were no children born of their marriage. Barbara worked part-time for periods during the marriage in Robert's office as receptionist and dental assistant and for a year following the separation doing the books for a dental lab which serviced her husband's dental practice and in which her husband had a significant ownership interest. She obtained her college degree in 1985, and a real estate license in 1987. Robert continues in his dental practice. The parties were divorced on January 10, 1989 in a bifurcated proceeding. The property distribution order was entered on July 3, 1989 following denial of appellant's exceptions to the master's report. Appellant then filed this timely appeal.

The issues raised on appeal will be addressed in the order presented and are as follows:

1. Whether the Master erred in failing to include good will in the valuation of the Husband's dental practice.

2. Whether the Master abused his discretion in making its award of alimony when Wife had been awarded a larger support order prior to the divorce, by the same trial court?

3. Whether the Lower Court erred in awarding the wife a smaller amount of cash funds than had the Master to offset the marital cash accounts that the Husband took as his own, and as a result, erred in failing to award his Wife the correct cash value of the parties insurance policies.

4. Whether the Master and the Court erred in valuing the pension and profit sharing plans as of the date of the hearing rather than the date of separation when Husband had dissipated the pension after separation?

5. Whether the Master erred in failing to award the wife cash funds representing a loan taken by Husband from the parties life insurance policies and used by Husband to his own use?

6. Whether the Master erred in failing to award counsel fees to the wife when she was and continues to be without immediate funds to pay her attorneys?

(Appellant's Brief at 5).

## II. *Good Will Value as Marital Property*

██ The appellant first contends that the trial court erred when it failed to include good will in the valuation of the husband's dental practice. Having reviewed the opinion of the trial court, a majority of the panel for a plurality of reasons finds that the failure to include good will was based on an error of law. My reasons are as follows.

The trial court relied on two cases, *Beasley v. Beasley*, 359 Pa.Super. 20, 518 A.2d 545 (1985) and *DeMasi v. DeMasi*, 366 Pa.Super. 19, 530 A.2d 871 (1987), in determining that the good will value of Dr. Fexa's dental practice was

not to be considered as marital property subject to equitable distribution. I find the instant case to be materially distinguishable.

In *Beasley v. Beasley*, 359 Pa.Super. 20, 518 A.2d 545 (1985), we held that good will was not a factor in valuing a law practice operated as a sole proprietorship because the good will involved could not be sold or transferred. The trial court found as fact that its value lay solely in the professional reputation of Attorney Beasley himself and was incapable of sale from Attorney Beasley to another, ethical considerations aside.

Similarly, in *DeMasi v. DeMasi*, 366 Pa.Super. 19, 530 A.2d 871 (1987), we held that the good will of a professional corporation composed of two physicians could not be valued for equitable distribution, because the trial court had found that the two physicians practiced in different specialties and did not share patients. Despite incorporation, each physicians' practice was conducted as though it were an individual practice. Based upon the trial court's findings of fact, this Court concluded each physician's good will was personal to the physician. It was not shared in common with that of his partner in a manner which could be transferred to the other physician involved in the practice.[1]

Before deciding whether *Beasley* and *DeMasi* are distinguishable, it is necessary to consider three other cases involving similar situations—*Buckl v. Buckl*, 373 Pa.Super. 521, 542 A.2d 65 (1988), *Ullom v. Ullom*, 384 Pa.Super. 514, 559 A.2d 555 (1989), and *McCabe v. McCabe*, —— Pa. ——, 575 A.2d 87 (1990).

In *Buckl*, this Court held that the good will of an architectural partnership was to be considered in placing a value on the husband's marital property. The fact that the business had a distinct identity tied to an association, rather than merely an individual, and that the work of the association could be continued by either partner, was found to

---

1. Valuation for sale to an outside physician or for inclusion of a new physician in the Corporation who practiced in the same specialty as Dr. DeMasi was not considered.

create a sufficient probability that the business could remain a going concern in either partner's absence. That being the case, the good will of the clients toward the partnership could not be deemed purely personal to individual professionals in the corporation, and to that limited extent the partnership's alienable good will value could be included as part of the partnership assets for the purpose of buying into or withdrawing from the business itself.

In *Ullom*, this Court held that it was *error* not to include good will value when determining a spouse's interest in an auto dealership corporation. In that case, the court had found good will to be an asset of the family owned auto dealership, but nonetheless excluded it from marital property for equitable distribution. This Court reversed the trial court reasoning that despite its intangible nature, good will would often comprise a large portion of the marketable value of a business and so it could not be ignored when determining the proper value of assets available for distribution.

Recovery of good will value in *Ullom* was limited though. Under the terms of incorporation when any family member desired to sell their shares in the corporation, they first had to offer them to the other family members at a set price. If the shares were not purchased by the family at that price, the shares could be offered then to any other buyer for a price which, according to expert testimony, would include a substantial sum based on the good will value of the dealership. This Court found that since an ascertainable and reasonably realizable good will value could be determined, it was error for a trial court not to include its value as an asset available for distribution.

Our Supreme Court was faced with a slightly different equitable distribution question in *McCabe* which they nonetheless answered by way of a similar rationale. In *McCabe*, our Supreme Court was called on to decide whether the husband's partnership share of the value of a law firm as a "going concern" (including good will value) should be included in the marital property equitable distribution or

whether the value to be included should be limited to the amount that the husband could actually realize on withdrawal from the firm, which was limited by contract. The Court stated "(I)f Mr. McCabe were able to sell, liquidate or otherwise realize the 'going concern' value assigned to his partnership interest," it should be included as marital property. "However, it has been clearly established that the 'going concern' value cannot be realized in any manner. It would be unrealistic, therefore to assign this value to the partnership interest for purposes of equitable distribution." 575 A.2d at 87–88.

From the foregoing cases, I would distill the following general considerations. If the nature of the economic good will is purely personal to the professional spouse, it is not *alienable;* hence, it cannot actually be realized and may not be included in the equitable distribution. *Cf. McCabe; Ullom; Beasley; DeMasi.* If, however, a portion of the economic good will is attributable separately to the corporation or business and can be realized by sale to another (by selling the enterprise in whole or in part, buy-in's and buy-out's included), then *to that extent,* there is good will value subject to equitable distribution. *McCabe; Ullom; Buckl.*

When, as here, partners have bought-in and have been bought-out, and the dental practice has been maintained, there is a clear basis upon which to determine that the good will enjoyed by the dental practice was not entirely personal to the individual professionals involved. Likewise, when professionals share clients within the corporation, there is a basis upon which to conclude the good will is not purely personal. *Buckl.* On the other hand, when the corporation has remained intact throughout its history and the professionals do not share clients, there is no clear basis for concluding that there is any good will other than that inalienably attached to the individual professionals involved in the corporation. *DeMasi; Beasley.*

The determination of whether alienable/realizable good will value exists in a particular case may often be a difficult

and subtle question of fact.[2] The determination may be complicated by additional difficulties regarding the ethics and/or legality of "selling" professional clients—especially with regard to attorneys and doctors, whose possession of client confidences complicates matters considerably.[3] Moreover, there may also be difficulties in determining a credible value for the alienable/realizable good will; whether these difficulties are surmountable may vary with the peculiar facts of particular cases.

Judge Johnson, concurring, construes *Beasley* more narrowly, would effectively disclaim *DeMasi*, and would construe *Buckl* more broadly so as to render good will distributable regardless of whether the business is a sole proprietorship. In one sense, I agree. If it can be shown that, despite organization as a sole proprietorship, good will value may be actually realized through sale of the business or practice, then good will value must be included. However, to the extent good will is actually personal and inalienable, and thus cannot be actually realized through sale, I would find that *McCabe* would preclude distribution. I note, though, that such non-distributable good will value would have to be included as part of that spouse's future earnings *capacity* in alimony and support determinations. *Cf. Beasley, supra*, 518 A.2d at 553.

■ Judge Olszewski, on the other hand, would appear to construe *Beasley* and *DeMasi* to provide a broad "personal talents" exclusion. Semantically, I agree. If the good will is wholly personal and inalienable, then it cannot be actually realized, and consequently the value of that good will may not be included in equitable distribution. *Beasley, supra*, 530 A.2d at 881. I disagree, however, that this record would permit a conclusion that there was *no* good will value

2. This was one of several concerns raised in *Beasley*. 518 A.2d at 552–3.

3. This issue was also addressed in *Beasley*, wherein the prospective value of cases taken on contingency fee agreements was sought to be included in the computation of good will value. *Beasley, supra*, 518 A.2d at 554–55. Our Supreme Court expressly left this issue open in *McCabe*, 575 A.2d at 87–88, 89.

in the spouse's dental practice other than the personal and inalienable good will which was not realizable and so not includable.

In the dental partnership involved in the instant case, the husband has had various full-time, long-term partners since approximately 1969, who were involved in the practice, and in ownership of the business. (N.T. 12/18/87 at 108A–113A, 165A–116A). Following the dissolution of various partnerships, the business continued as an entity and new partners were periodically absorbed into the business. The form of the business and its work continued unchanged despite personnel changes, thereby demonstrating that the good will of the clients of the business toward the business was not tied exclusively to the presence or skills of particular individuals but was tied to some extent to the services that could be provided by any of a number of dentists. Here, as in *Buckl,* the good will was capable of being valued for the purpose of buying into or withdrawing from the partnership itself, making it an asset to the business, rather than a purely personal asset.

In the case before us, expert testimony on the value to be attributed to the good will of the dental partnership had been presented. As would be expected, there was a difference in the amounts proffered as the value of the good will by each party; nonetheless, despite the differences in the values determined by the experts, I find that the evidence established that husband could realize some discernable good will value on the sale of his interest in the dental practice. (N.T. 1/27/88 at 238A). Because the valuation of the alienable/realizable good will value requires a factual determination, the case must be remanded to the trial court for a determination of the proper valuation of good will to be included for equitable distribution purposes.

### III. *Adequacy of the Alimony Award*

Appellant next contends that the trial court's award of alimony in the amount of $100 per week was an abuse of discretion in view of the fact that court ordered spousal support had been $501 per week, and there had been no

change in circumstances. This contention reveals a misunderstanding of spousal support.

█ The purpose of an order of support is to assure a reasonable living allowance to the party requiring support. *Commonwealth v. Turner*, 258 Pa.Super. 388, 392 A.2d 848 (1978). The duty to provide spousal support is concomitant with the marital relationship, and terminates with the ending of the marriage. *Remick v. Remick*, 310 Pa.Super. 23, 456 A.2d 163 (1983).

█ In this case, the husband continued support payment beyond the entry of the divorce decree on January 10, 1989, until the resolution of the financial and property claims between the parties.[4] This payment, however, does not set the basis for the award of alimony. There is no absolute obligation on the part of a supporting spouse to see that the dependent spouse's life style remains unchanged from that enjoyed during the marriage.

█ The court in determining whether an award of alimony is necessary must consider the factors enumerated in 23 P.S. § 501(b) to determine only whether the party seeking alimony is able to provide for his or her reasonable needs through appropriate employment or other property. *Hess v. Hess*, 327 Pa.Super. 279, 475 A.2d 796 (1984). A review of the recommendation of the master and the opinion of the trial court confirms that those factors were properly considered. Accordingly, we affirm the order of the trial court on the issue of the adequacy of the award of alimony.

## IV. *Inadvertent Clerical Error*

Appellant's next issue requires little discussion. Both appellant and appellee agree that there was a clerical error

---

4. In a bifurcated divorce, as we have instantly, spousal support terminates with the entry of the divorce decree. Alimony pendente lite may be awarded at a party's request for the period between the entry of divorce and adjudication of the economic aspects of marriage to maintain an equality between spouses in resolving their differences. *Levine v. Levine*, 360 Pa.Super. 297, 520 A.2d 466 (1987); *Desch v. Desch*, 329 Pa.Super. 22, 477 A.2d 883 (1984). There is no record that the parties considered any possibility of change in payments on entry of the divorce decree.

in the amount shown in the trial court's order for the division of the marital bank accounts. The appellant should receive $13,242.47 not the $9,551.75 shown in the order. On remand, this correction should be made in the equitable distribution order.

### V. *Valuation Date for Pension Plan*

Appellant next contends that date of separation, rather than the date of hearing, should have been used for valuation of pension and profit-sharing plans. Appellant argues that a decrease in value resulting from bad investments suggested by the plan administrator should be considered an intentional dissipation of marital assets. This argument is completely without merit. The trial court properly relied on *Sutliff v. Sutliff,* 518 Pa. 378, 543 A.2d 534 (1988), in determining the proper valuation date for the pension and profit sharing plans.

### VI. *Exclusion Of Life Insurance Proceeds From Equitable Distribution*

Appellant further contends that the trial court erred in not equitably distributing the proceeds of a life insurance policy which appellee cancelled in 1986. The master's recommendation at page 14 refers to the policy proceeds having gone solely to appellee, but gives no explanation as to why this amount was excluded from the distribution, when the cash value of the life insurance policy was marital property. *Lindsey v. Lindsey,* 342 Pa. 72, 492 A.2d 396 (1984).

The opinion of the trial court at page 10 mischaracterizes this as a loan and a *liability* to appellee, when the record discloses unequivocally to the contrary that in actuality appellee *took as a disbursement to his own use* $16,691.45 from marital property in the form of the cash surrender payment on the policy with the intent not to repay the insurance policy. (N.T. 6/30/89 at 134A–136A and 179A). In such situations, the court should properly charge the spouse who took the assets with the amount that should have been included in the distribution. *Semasek v. Semasek,* 509 Pa. 282, 502 A.2d 109 (1985).

It is possible that this value has already been included in the distribution *indirectly.* If the money was invested in the dental business or used to purchase other assets included in the distribution, any part of the proceeds thus accounted for would already be in the distribution, and could not be double-entered for equitable distribution purposes. Hence, on remand, the trial court must redetermine the includability of policy proceeds in the equitable distribution.

## VII. *Counsel Fees*

■ Appellant's final contention is that the trial court erred in not awarding her counsel fees. The trial court's decision that appellant had or would receive through the equitable distribution sufficient assets to pay her own counsel fee was supported in the record. We find no abuse of discretion. *Adelstein v. Adelstein,* 381 Pa.Super. 221, 553 A.2d 436 (1989).

## *Conclusion*

This Opinion represents a unanimous majority opinion as to Parts III through VII. We have reached a plurality disposition as to Part II dealing with the inclusion of good will value in the equitable distribution. Judge Johnson and myself agree in the result requiring remand of this case for valuation and inclusion of the ascertainable and realizable good will value of husband's dental practice in the distribution of marital assets.[5]

Based on the foregoing, the order of the trial court is vacated, and this case is remanded to the trial court for further proceedings consistent with this opinion. Jurisdiction is relinquished.

OLSZEWSKI, J., files a concurring & dissenting opinion.

JOHNSON, J., files a concurring opinion.

---

5. Because my position is narrower than Judge Johnson's and broader than Judge Olszewski's, it is that approach which binds as law of the case, though not as precedent. In effect, Judge Johnson and I both agree that *at least* the value I describe must be included, and Judge Olszewski and I agree that *no more* value than I describe may be included.

OLSZEWSKI, Judge, concurring and dissenting:

I respectfully concur in nearly all aspects of the majority's disposition of appellant's claims. I must, however, dissent from that portion of the opinion which remands this case for a determination of the value of the goodwill of appellee's dental practice. On this point, I find nothing present in the facts herein which would warrant distinguishing this case from our decisions in *DeMasi v. DeMasi*, 366 Pa.Super. 19, 530 A.2d 871 (1987), and *Beasley v. Beasley*, 359 Pa.Super. 20, 518 A.2d 545 (1986). To the contrary, as in *DeMasi* and *Beasley*, I would hold that the value of the goodwill in this case is dependent in large part on the unique talents of Dr. Fexa himself and, as such, could not be transferred upon a sale of his interest. Accordingly, I would affirm that portion of the trial court's equitable distribution order which excluded goodwill from the valuation of appellee's dental practice.

JOHNSON, Judge, concurring:

I agree with Judge Kelly that the good will element of Husband's dental practice can be valued as marital property and thus should be included for equitable distribution. Therefore, I join Judge Kelly's conclusion that the case must be remanded for a determination of the proper valuation of good will to be included for equitable distribution purposes. However, I read and apply the applicable cases differently than does Judge Kelly.

I reject the conclusion that a distinction between a business organized as a sole proprietorship and a business organized as a partnership or professional corporation determines whether good will may be valued as marital property. The applicable cases are not decided upon this distinction. Valuation may be difficult or impossible due to other factors, but I do not read the cases to mean that existence of a sole proprietorship renders valuation of good will *per se* impossible.

I begin with the definition of good will:

Good will is the favor which the management of a business has won from the public, and probability that old customers will continue their patronage. (citation omitted). 38 Am.Jur.2d Goodwill § 3 states:

Good will is property of an intangible nature and constitutes a valuable asset of the business of which it is part, unless, in the particular instance it is of too uncertain and contingent a nature to be appraised. Often a large portion of the intrinsic marketable or assessable value of a business consists of its good will. However, good will cannot be separated from the business in which it inheres, nor can it be disposed of independently from the business. It has no existence as property in and of itself, as a separate and distinct entity, but only as an incident of a continuing business having locality or name.

*Buckl v. Buckl,* 373 Pa.Super. 521, 530, 542 A.2d 65, 69 (1988) (en banc). First, this definition, recently adopted by the en banc *Buckl* panel, demonstrates that the intangibility of good will does not render it incapable of valuation. Just as important, the definition establishes that good will is an inseverable element of the business' value. This principle holds true regardless of the source of the good will. Recognizing these two significant points regarding good will at the outset of any analysis goes far toward dispelling confusion.

In our case, the trial court held that the good will element of Husband's dental practice could not be valued for equitable distribution purposes. The court noted that Husband was responsible for a large majority of the revenues of the practice due to his reputation and personal service. The court decided that, based upon these facts, the law warranted the conclusion that the good will could not be valued. The trial court relied upon two cases, *Beasley v. Beasley,* 359 Pa.Super. 20, 518 A.2d 545 (1985) (en banc) and *DeMasi v. DeMasi,* 366 Pa.Super. 19, 530 A.2d 871 (1987) for the proposition that because it was Husband's reputation that generated the good will and not the entire dental

practice that generated it, it is impossible to value the good will. Judge Kelly here properly reverses the trial court's result, but he does so on an incorrect basis. In concluding that *Beasley* and *DeMasi* are factually distinguishable from the present case, Judge Kelly incorrectly accepts the conclusion that, if a single person's reputation is the source of good will value to a business, good will cannot be valued.

In *Beasley*, Husband practiced law as a sole proprietor employing fifteen attorneys. The court was asked to decide whether the good will element of the law practice was marital property and whether Wife had a right to an appraisal of the value of the law practice. The court determined that "[i]t would appear to be incontrovertible that good will is a valuable asset and in proper context must be considered in valuation of a property," *Beasley*, 359 Pa.Super. at 35, 518 A.2d at 552, and that there is no question that the law firm itself has value which is ascertainable. *Beasley*, 359 Pa.Super. at 41, 518 A.2d at 555. The court characterized the good will element as professional reputation and found that this element could not be determined separately but rather had to be taken into account when valuing each case file. In arriving at this conclusion the *Beasley* court discussed and weighted several views regarding the valuation of good will within the context of various business organization forms.

The court held that, under the facts presented in *Beasley*, the good will was not marital property. The court decided that the contingent fees presented too speculative a basis upon which to evaluate the case files and that, regardless, Wife did not have a right to appraise the files because in doing so she would unduly pry into the confidential attorney-client relationship. Further, the court noted that the income generated by Husband's reputation was taken into account, and properly so, in considering Husband's earning capacity for alimony purposes under 23 P.S. § 501(b)(1). The *Beasley* court did not hold generally that good will cannot be valued for equitable distribution purposes in a sole proprietorship.

In *DeMasi v. DeMasi*, two physicians were fifty percent shareholders in a professional corporation. The court relied upon *Beasley* for the proposition, not found in that case, that good will in a sole proprietorship was incapable of valuation and therefore held that the good will value of this medical practice could not be determined for equitable distribution purposes.

In *Buckl v. Buckl*, 373 Pa.Super. 521, 542 A.2d 65 (1988) (en banc), this Court considered both *Beasley* and *DeMasi* in deciding whether Husband's partnership interest in his architectural firm was marital property. The court had no problem deciding that the partnership interest was marital property. The difficulty came into play in valuing the good will element of the value of the partnership share. The court held that the Master had properly determined that good will was a factor to be considered in placing a value on the husband's marital property. The court recognized the *Beasley* decision but stressed that the *Beasley* court did not preclude valuation of good will categorically and that the *Beasley* decision was limited to the facts of that particular case.

Similarly, the *Buckl* court recognized the *DeMasi* decision as one in which a court decided that good will value should not be factored into the value of a business, but again the court characterized the analysis as one to be made on a case-by-case basis. Specifically, the court noted that the *DeMasi* court wrote: "Presumably, special circumstances may justify holding that the good will of a professional sole proprietorship is marital property while the good will of a professional corporation is not." *Buckl* 373 Pa.Super. at 530, n. 5., 542 A.2d at 69, n. 5, quoting *DeMasi*, 366 Pa.Super. at 43–44, 530 A.2d at 883. In other words, the *Buckl* court concluded that use of a general rule based solely upon a distinction between a sole proprietorship and a partnership or professional corporation in order to determine whether good will value of the business should be included as marital property has not actually been used by

our courts and that the cases in fact suggest that a general, *per se* rule should not be used.

The *Buckl* court then turned to the facts before it. The court noted that evidence of monetary value of the good will had been introduced. The court concluded that this value must be taken into account in valuing the partnership interest and remanded for this and other reasons. In his concurrence, Judge Del Sole noted that "[f]actually and functionally there is no difference between the partnership in the case sub judice and the interest of the professional in *DeMasi*. It is my view that *DeMasi* is implicitly overturned, and if not, severely limited in its application." *Buckl*, 373 Pa.Super. at 536, 542 A.2d at 72.

Now I apply this law to the present case. Judge Kelly concludes that the good will value of Husband's dental practice can be valued and is thus marital property. However, he reaches this conclusion by relying upon *Beasley* and *DeMasi* for the proposition that good will that emanates from the professional reputation of a sole proprietor cannot be valued for marital property purposes while good will emanating from a partnership or professional corporation can be so valued. Judge Kelly concludes that Husband's share of his dental practice, which is a partnership, is factually distinguishable from the good will factor to be valued in *Beasley* and *DeMasi*.

There is no question that good will may be valued and is properly included as marital property. *See Buckl v. Buckl.* I find no general rule in any of the cases herein discussed establishing that good will of a sole proprietorship cannot be valued. If such a rule could be found in *DeMasi*, I agree that it is based upon a faulty reading of *Beasley*. Rather, the cases discussed herein make clear that the only barrier to including good will as marital property is if special circumstances preclude valuation, as in *Beasley*, where the court precluded Wife from appraising the files and where the court felt that Wife had already reaped the benefit of Husband's professional reputation in the alimony award that was based upon Husband's future earning capacity.

The *Buckl* court's discussion of *Beasley* and *DeMasi* supports this view. In the present case, as was true in *Buckl*, evidence of value that expressly evaluated good will was before the court; no special circumstances precluded its valuation. Therefore, the court should have considered it as marital property.

Valuation of good will is not an issue in *McCabe v. McCabe*, as Judge Kelly implies; the case thus has no bearing upon the present appeal. In *McCabe*, the issue was whether the trial court had properly valued shares in a law partnership. The trial court had accepted an appraisal that included assets, accounts receivable and work-in-progress. The Supreme Court noted that the appraisal did not include good will. The Court held that the appraisal should be rejected in favor of the terms of the partnership agreement, which provided for valuation of shares should a partner withdraw from the firm. Valuation of good will was not before the Court, and the Court's only mention of the subject was that it was not included in the rejected appraisal. I find nothing in another case relied upon by Judge Kelly, *Ullom v. Ullom*, 384 Pa.Super. 514, 559 A.2d 555 (1989) that is contrary to my position.

Hence, I would conclude that, because good will of a business is an important aspect of the business' value, it should be included when valuing the business, regardless of the form of organization of the business, unless there is a special circumstance that precludes valuation. Such a result would best carry out the intent of the Divorce Code to effectuate economic justice between the parties. 23 P.S. § 102(a)(6).