**Frerotte v. Frerotte**

C.P. of Armstrong County, no. 030107.

*Cindy Calarie,* for plaintiff.
*Stephanie McFadden,* for defendant.

VALASEK, *J.,* February 2, 2005—

## HISTORY

Plaintiff and defendant were married on April 13, 1991, and separated on August 15, 2001. Plaintiff filed for divorce on September 5, 2001. A complaint for support was then filed on March 11, 2003. Following a DRS conference on June 27, 2003, an interim court order was entered awarding plaintiff alimony pendente lite (APL) in the amount of $1,378 per month. Defendant appealed this order on the issues of entitlement of spousal support, and in the alternative, the need for APL.[1] A hearing

1. The record discloses no reason why entitlement was even an issue concerning the APL order.

de novo took place on April 21, 2004, and, based upon the master's recommendations, defendant was ordered to pay plaintiff spousal support in the amount of $1,450 per month. Defendant filed exceptions to the master's findings and recommendations on May 5, 2004. These exceptions were based primarily on findings of fact relating to marital misconduct and entitlement. However, defendant did not take exception to the following findings of fact:

"(37) Disability benefits were not received until the year of 2002, at which time the defendant received a $90,000 retroactive lump sum disability payment. (Hr'g officer's findings of fact, conclusions and recommended order p. 6.)

"(38) Since receipt of the lump sum payment, defendant has received monthly disability income (listed as 'pension' on defendant's pay stubs). (Hr'g officer's findings of fact, conclusions and recommended order p. 6.)
. . .

"(40) Defendant receives two pension checks per month. (Hr'g officer's findings of fact, conclusions and recommended order p. 6.)

"(41) The gross amount of defendant's monthly checks is $3,637.10 and $4,629.05. (Hr'g officer's findings of fact, conclusions and recommended order p. 6.)

"(42) Defendant receives a gross monthly amount of $8,266.15. (Hr'g officer's findings of fact, conclusions and recommended order p. 6.) . . .

"(44) Defendant's monthly net monthly [sic] income [is] $5,629.69 per month after mandatory tax deductions. (Hr'g officer's findings of fact, conclusions and recommended order p. 7.)

"(45) The monthly pension checks are the defendant's only source of income. (Hr'g officer's findings of fact, conclusions and recommended order p. 7.)"

In addition, defendant did not take exception to the following conclusions of law:

"(4) Plaintiff is entitled to receive support and/or alimony pendente lite. (Hr'g officer's findings of fact, conclusions and recommended order p. 8.)

"(5) No reduction from the guideline support amount is warranted. (Hr'g officer's findings of fact, conclusions and recommended order p. 8.)"

Argument on the exceptions was heard on December 29, 2004.

## DISCUSSION

Under the Pennsylvania Rules of Civil Procedure, "support" consists of child support, spousal support or alimony pendente lite. See Pa.R.C.P. 1910.16-1(b). The amount of support which a spouse should pay is based in part on the formula set forth in Rule 1910.16-4.[2]

Once it has been determined that there is an obligation to pay support, there is a rebuttable presumption that the amount, as determined by the guidelines, is the correct amount to be awarded. Such a presumption is rebutted if the trier of fact makes a finding that the guideline amount would be inappropriate. See Pa.R.C.P. 1910.16-1(d).

In calculating a support obligation of spousal support or APL without dependant children under Rule 1910.16-4, the following formula is used:

Obligor's monthly net income       $_____

---

2. This amount is based largely upon the parties' net income.

Less obligor's support, APL, or
alimony obligations, if any, to
children or former spouses who
are not part of this action. $\_\_\_\_\_

Obligee's monthly net income $\_\_\_\_\_

Difference $\_\_\_\_\_

Multiply by 40 percent $\_\_\_\_\_ x .40

Adjustments for other expenses[3] $\_\_\_\_\_

Total Amount Of Spousal Support
Or APL $\_\_\_\_\_

Pa.R.C.P. 1910.16-4(a).

The rules make clear that the amount of support as determined from the support guidelines is *presumed* to be the appropriate amount of support.[4]

In the present case, after the initial conference, defendant was ordered to pay plaintiff *APL* in the amount of $1,378 per month. Following the de novo hearing, by virtue of the June 27, 2003 order, the defendant was ordered to pay plaintiff *spousal support* in the amount of $1,450 per month.[5]

Following the June 27, 2003 order, defendant filed a notice of appeal raising the issues of plaintiff's entitlement to spousal support and her need for APL.

---

3. These adjustments include costs of child care expenses, health insurance premiums, unreimbursed medical expenses, private school tuition and summer camp, and mortgage payments.

4. Any deviation must be based on Rule 1910.16-4. See *Terpak v. Terpak,* 697 A.2d 1006 (Pa. Super. 1997) (held that a court may not deviate from the guidelines on grounds that the spouse or child does not need this money).

5. This amount was at the master's recommendation under the support guidelines.

At the de novo hearing, the master mistakenly received evidence on issues pertaining to entitlement to spousal support since defendant was appealing an order awarding plaintiff APL. After having done so, the master then converted the APL award into an award of spousal support without advancing any reason therefor.

Defendant argues that plaintiff is not entitled to spousal support because of plaintiff's marital misconduct. However, the court finds this argument to be without merit.

In her complaint for support, plaintiff sought support for herself in the forms of spousal support or APL.[6]

"The purpose of an order of [spousal] support is to assure a reasonable living allowance to the party requiring support. . . . The duty to provide spousal support is concomitant with the marital relationship, and terminates with the ending of the marriage." *Fexa v. Fexa,* 396 Pa. Super. 481, 490, 578 A.2d 1314, 1319 (1990). (citation omitted)

Alimony pendente lite, on the other hand, is awarded to sustain the dependent spouse on a basis of equality with the other spouse while maintaining or defending the divorce action. *McNulty v. McNulty,* 347 Pa. Super. 363, 500 A.2d 876 (1985).

"A spouse who is guilty of marital misconduct forfeits his/her claim to spousal support. However, such a spouse is still eligible for APL." *Prud'homme v. Prud'-homme,* 48 D.&C.4th 182, 195 (2000). See also, *Hanson v. Hanson,* 177 Pa. Super. 384, 110 A.2d 750 (1955) (held

---

6. A party may maintain actions both for support and alimony pendente lite. See *Remick v. Remick,* 310 Pa. Super. 23, 456 A.2d 163 (1983).

that alleged misconduct of adultery would not defeat the right to alimony pendente lite).

In the case sub judice, the court finds that regardless of any marital misconduct, plaintiff is entitled to APL and is not required to show any financial need.

In reaching this decision, the court aligns itself with the trial court in Lehigh County.

In *Prud'homme v. Prud'homme, supra,* a three-judge panel held that a spouse seeking APL is no longer required to demonstrate financial need. The amount of APL is to be calculated under the guidelines in the same way as spousal support. The *Prud'homme* court also held that a dependant spouse was no longer required to file a full income and expense statement under the amended Rule 1910.11(c).

"With respect to the issue of financial need, this is presumed to be the guideline amount for APL as well as spousal support." *Prud'homme,* 48 D.&C.4th at 196.

In the present case, the master took into account both plaintiff's and defendant's monthly net incomes, benefits and reasonable monthly expenses. The master found defendant (obligor) to have a net monthly income of $5,629.69 and plaintiff (obligee) to have a net monthly income of $2,003.54. There were no former spouses or children to consider. The master recommended support in the amount of $1,450 per month.

Defendant took no exception to findings made by the master with regard to either party's income, benefits or expenses, nor did defendant take exception to the master's recommendation that no deviation from the guideline amount of support was warranted. Defendant only excepted to findings and recommendations based on mari-

tal misconduct and the court finds these exceptions to be irrelevant. Marital misconduct cannot defeat a claim of APL. Therefore, it is not necessary to determine if the record supports the facts found by the master concerning marital misconduct and entitlement.

The plaintiff's financial need is *presumed* to be the guideline amount, and when the parties' incomes are inserted into the guideline formula, without making any adjustments, the total amount of support owed is $1,450.46.

Because no issues were raised regarding deviation from the guidelines, the court finds that no deviation from the guidelines is warranted.

For these reasons, the court awards plaintiff alimony pendente lite from defendant in the amount of $1,450 per month and $50 per month for arrears.

### FINAL ORDER

And now, February 2, 2005, for reasons set forth in the foregoing opinion, it is hereby ordered that defendant's exceptions be dismissed and the order of April 21, 2004, be affirmed and made final.