KEHOE, Judge.
Appellants, plaintiffs below, bring this appeal from an order entered by the trial court dismissing their fourth amended complaint with prejudice.
While a pedestrian, appellant Florentino Carrazana was struck and injured by an uninsured vehicle. At the time of the accident, Florentino was covered by an automobile insurance policy which had been issued to his daughter-in-law, appellant Maria Carrazana, by Gateway Insurance Company. Appellee, Florida Insurance Guaranty Association, (FIGA) is the statutory successor to Gateway. See Chapter 631, Florida Statutes (1977). Approximately one year before the accident, Maria had renewed her policy and, allegedly, signed a written rejection of the uninsured motorist coverage (UIM) which she had previously carried. About two and one-half years after the accident, appellants made an UIM claim against FIGA which refused to arbitrate the matter. Thereafter, appellants filed a declaratory judgment action against appel-lee and in their fourth amended complaint alleged, among other things, that any rejection of UIM coverage by Maria was ineffective because it was unknowingly and unin- *582 telligently made. Accordingly, appellants sought reformation of the policy to include such coverage.
In our opinion, based upon the pleadings before the trial court at the time appellee’s motion to dismiss with prejudice was granted, the fourth amended complaint stated a cause of action which should not have been dismissed. See, e. g., Raney v. Jimmie Diesel Corp., 362 So.2d 997 (Fla.3d DCA 1978); United States Fidelity & Guaranty Co., 338 So.2d 37 (Fla.3d DCA 1976); and Weathers v. Mission Insurance Co., 258 So.2d 277 (Fla.3d DCA 1972). See also § 627.727(1), Fla.Stat. (1977). Accordingly, the order appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.