383 So.2d 974 (1980)
Teresita FERNANDEZ, Appellant,
v.
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., Appellee.
No. 80-53.
District Court of Appeal of Florida, Third District.
May 27, 1980.
Richard Kanner and Carl M. Lambert, Miami, for appellant.
Joe N. Unger, Kopplow & Ramirez, Miami, for appellee.
Before SCHWARTZ and DANIEL PEARSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
SCHWARTZ, Judge.
The plaintiff-appellant, Teresita Fernandez, was injured in an automobile accident *975 caused by the negligence of Eddy Ruiz who was insured by a $10,000 policy issued by Manchester Insurance and Indemnity Company. When Manchester became defunct, it was succeeded as a party-defendant in Ms. Fernandez's law suit by the Florida Insurance Guaranty Association (FIGA). After FIGA rejected an offer to settle the claim for the $10,000 limits, the plaintiff recovered a $54,000 jury verdict against Ruiz, which was limited to a $10,000 judgment as against FIGA.[1] Fernandez then brought a separate action against FIGA to recover the $44,000 excess, alleging that FIGA had itself been guilty of a bad faith refusal to settle the claim within the policy limits.[2] The trial judge dismissed the complaint with prejudice on the sole ground[3] that, as a matter of law, no such action may be maintained against FIGA. We agree and affirm.
As the supreme court explained in O'Malley v. Florida Insurance Guaranty Association, 257 So.2d 9, 10 (Fla. 1971), FIGA is a statutory creature which is designed to serve solely as "the mechanism for the payment of covered claims[4] under certain classes of insurance policies of insurers which have become insolvent." § 631.51, Fla. Stat. (1979). In establishing the institution, however, the legislature was careful to restrict its potential liability not only concerning its vicarious responsibility for the acts of the companies it succeeds, § 631.57(1)(a) Fla. Stat. (1979); Rivera v. Southern American Fire Ins. Co., 361 So.2d 193 (Fla. 3d DCA 1978) (FIGA not liable for excess judgment caused by bad faith of predecessor insurer), but also as to its own allegedly wrongful activities. Concerning the latter issue, which is the one before us, Section 631.66, Florida Statutes (1979) provides:
"631.66 Immunity
There shall be no liability on the part of, and no cause of action of any nature shall arise against, any member insurer, the association or its agents or employees, the board of directors, or the department or its representatives for any action taken by them in the performance of their powers and duties under this part. [emphasis supplied]
This provision clearly, unambiguously, and directly applies to the present situation. It is obvious that the present claim arises from FIGA's refusal to accept the $10,000 settlement offer which was an "action" it took "in the performance of [its] powers and duties" under the statute to dispose of the covered claim in question. An application of the plain terms of § 631.66, which neither require nor permit judicial construction, therefore compels the conclusion that no bad faith action lies against FIGA. Heredia v. Allstate Ins. Co., 358 So.2d 1353 (Fla. 1978); Ross v. Gore, 48 So.2d 412 (Fla. 1950); Kokay v. South Carolina Ins. Co., 380 So.2d 489 (Fla. 3d DCA 1980), and cases cited.
None of the decisions cited by the appellant are contrary to this conclusion. As we pointed out in the Rivera case, Zinke-Smith, Inc. v. Florida Insurance Guaranty Association, Inc., 304 So.2d 507 (Fla. 4th DCA 1974), cert. denied, 315 So.2d 469 (Fla. 1975), which held FIGA liable for the payment of attorneys' fees, involved another statute, Section 627.428, Florida Statutes (1979); there is no equivalent statutory impediment *976 to the application of § 631.66 to the situation before us. Moreover, Zinke-Smith, as well as Carrazana v. Florida Insurance Guaranty Association, 374 So.2d 581 (Fla. 3d DCA 1979), and Martino v. Florida Insurance Guaranty Association, 383 So.2d 942 (Fla. 3d DCA 1980) all involved questions relating only to the liability of FIGA in its capacity as the entity deemed by Section 631.57(1)(b) Florida Statutes (1979) to be the "insurer" of the covered claims of its insolvent predecessor. § 631.66 was therefore not even in issue in those cases. See also Kuvin, Klingensmith & Lewis, P.A. v. Florida Insurance Guaranty Association, Inc., 371 So.2d 214 (Fla. 3d DCA 1979).[5]
Finally, we find no merit at all in the contention that the preclusion of a badfaith case against FIGA as required by § 631.66 involves a violation of Article I, Section 21, the "access to courts" clause of the Florida Constitution. This provision applies only to forbid the abolition of pre-existing common law or statutory rights. See Kluger v. White, 281 So.2d 1 (Fla. 1973). Since, absent Chapter 631, FIGA would not exist and there would be no effective remedy to recover on any claims whatever against insolvent insurers, there can be no constitutional infirmity in the legislature's decision to limit those newly-created rights and, in effect, not to establish an additional one. See Kirkpatrick v. Parker, 136 Fla. 689, 187 So. 620 (1939); McPhail v. Jenkins, 382 So.2d 1329 (Fla. 1st DCA 1980); Harrell v. State, Department of Health and Rehabilitative Services, 361 So.2d 715, 717-18 (Fla. 4th DCA 1978).
Affirmed.
NOTES
[1] In Ruiz v. Fernandez, 370 So.2d 410 (Fla. 3d DCA 1979), we affirmed this judgment over both FIGA's appeal on the merits, and the plaintiff's cross-appeal from the $10,000 limitation of the judgment against FIGA. Because of our ruling on the merits, we do not consider whether the prior ruling was res judicata or established the law of the case concerning the present issue.
[2] Thompson v. Commercial Union Ins. Co. of New York, 250 So.2d 259 (Fla. 1971); Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938).
[3] There is no question that the allegations of the complaint were otherwise sufficient to state a bad faith-excess cause of action.
[4] § 631.54(4), Fla. Stat. (1979) provides:

(4) `Covered claim' means an unpaid claim ... which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies... .
[5] The Kuvin case held only that FIGA was not a governmental entity for venue purposes. The decision did not consider its liability for attorney's fees claimed in that case by Manchester's former counsel.