547 A.2d 485

Regina McHale, Appellant *v.* Larry Cole et al., Appellees.

Argued December 15, 1987, before President Judge CRUMLISH, JR., and Judges BARRY and COLINS, sitting as a panel of three.

*Edward C. Mintzer, Jr.,* with him, *Anthony F. Zabicki, Jr., McWilliams and Mintzer, P.C.,* for appellant.

*Kingsley A. Jarvis,* for appellee, Montgomery County Emergency Service, Inc.

*John O'Rourke,* with him, *Cheryl L. Young, McTighe, Weiss, Stewart, Bacine & O'Rourke, P.C.,* for appellee, Borough of Norristown.

OPINION BY JUDGE BARRY, September 8, 1988:

Regina McHale (appellant) appeals an order of the Court of Common Pleas of Montgomery County (County) which granted the motion of the Montgomery County Emergency Services, Inc., Naomi Dank, Ken Courage, and George Kapler (collectively MCS) for summary judgment.

Appellant was raped and severely beaten by Larry Cole (Cole) in a ladies' restroom in Elmwood Park located in the Borough of Norristown. Elmwood Park is adjacent to MCS and Norristown State Hospital. At the time of the rape Cole was a voluntary out-patient at MCS. The morning of the rape, Cole was evaluated by the staff of MCS and was not admitted to the facility even after Cole requested in-patient treatment. Appellant brought suit against the Borough, Cole, and MCS. In her complaint, she alleged that MCS was liable for her injuries because of its failure to admit Cole on an in-patient basis for psychiatric treatment. MCS moved for summary judgment which was granted by the trial court.[1] The trial court opined that MCS was immune from suit under Section 8541 of the Judicial Code, since the actual injury was caused by the criminal acts of a third party and could not be attributable to MCS. The trial court considered MCS as a government agency, and therefore immune, since MCS is the designated mental health facility for the County.

Appellant alleges that the trial court's decision to grant MCS' motion for summary judgment is an error

---

[1] The Borough of Norristown was also granted summary judgment. The appeal from this portion of the trial court's decision is addressed in a separate opinion. In that opinion, we held that the Borough was immune from this suit since the alleged negligence of the political subdivision was caused by the criminal actions of a third party. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

of law. She contends that the grant of immunity in Section 8541 of the Judicial Code does not apply to MCS since Cole was a voluntary out-patient seeking in-patient commitment. She contends that the MCS is a government agency only for involuntary commitments and for treatment pursuant to the Mental Health Procedures Act[2] (Act). She also contends that the Act does not pertain to a patient who is treated as a voluntary out-patient and that consequently MCS is not shielded by governmental immunity in this matter. We agree.

Rule 1035 of the Pennsylvania Rules of Civil Procedure provides a summary method for the determination of legal disputes where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa. R.C.P. No. 1035(b). "Entry of summary judgment may be granted only in cases where the right is clear and free of doubt." *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 175, 507 A.2d 323, 331 (1986). The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter of law, is on the moving party, and the record must be examined in the light most favorable to the non-moving party. *Miller v. Leljedal,* 71 Pa. Commonwealth Ct. 372, 455 A.2d 256 (1983). We do not believe that MCS has sustained this burden since there are material facts in the case which could establish that appellant is entitled to the relief.

Section 8541 of the Judicial Code provides:
Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property

---

[2] Act of July 9, 1976, P.L. 817, *as amended,* 50 P.S. §§7101-7501.

caused by the acts of the local agency or an employee thereof or any other person.

42 Pa. C. S. §8541.

A local agency is defined as "any Commonwealth Agency or any political subdivision or municipality or other local authority, or any officer or agency of such political subdivision or local authority." 42 Pa. C. S. §102. Therefore, we must decide if MCS has established that it is a local agency as defined. We believe that there are material facts in the record to show that MCS has not sustained this burden and therefore is not entitled as a matter of law to a grant of immunity pursuant to Section 8541 of the Judicial Code.

The trial court stated that since MCS is the designated[3] Mental Health facility for the county it is a local agency. However, evidence was submitted to the trial court which established that MCS' designation does not entitle it, in this case, to immunity as a governmental agency.

The issue in this matter is whether MCS' status as a governmental agency is affected by its treatment of Cole as a voluntary out-patient.

Appellant introduced evidence that the director of MCS designated the facilities only for involuntary commitments from the community. This designation, executed by Doctor Hermann Roether, the Administrator of the County's mental health and mental retardation program states:

> . . . I hereby designate the Montgomery County Mental Health Mental Retardation Emergency Services, Inc. (Building # 16) on the grounds of Norristown State Hospital as the facility for in-

---

[3] Section 7105 of the Act, 50 P.S. §7105, requires that facilities receiving public funding be designated as such by the County Administrator.

voluntary emergency examination and treatment.

Appellant also introduced an affidavit of defendant Naomi Dank, Executive Director of MCS, who described the format of MCS as:

> Montgomery County Emergency Services, Inc., is a mental health hospital and provides diagnosis, treatment, care, and rehabilitation to mentally ill persons on both an in-patient and out-patient basis. In providing these services and facilities, Montgomery County Emergency Services Inc. employs psychiatrists, psychologists, social workers, and other health care professionals. Montgomery County Emergency Services, Inc. provides its services and facilities to persons who are voluntary out-patients or involuntary out-patients, or who are admitted under both the voluntary commitment provisions and the involuntary commitment provisions of the Mental Health Procedures Act.

Ms. Dank also points out in her affidavit that the County appoints delegates who determine if a patient should be involuntarily committed pursuant to Section 302 of the Act. She further states that these delegates are selected by the county, are paid by the county, that separate office space is provided at the county's expense and all files and documents are kept separate from other MCS records. Appellant alleges that this affidavit and the designation show that MCS is a local agency only for purposes of patients receiving treatment pursuant to the Act. Section 7103 of the Act states;

> This act establishes rights and procedures for all involuntary treatment of mentally ill persons whether in-patient or out-patient and for all voluntary in-patient treatment. 'In-patient treatment' shall include all treatment that requires

full or part-time residence in a facility. For the purpose of the act, a facility means any mental health establishment, hospital, clinic, institutions, center, day care center, base service unit, community mental health center, or part thereof, that provides for the diagnosis, treatment, care or rehabilitation of mentally ill persons, whether out-patients or in-patients.

50 P.S. §7103. Therefore, a patient receiving treatment on a voluntary out-patient basis is not subject to the Act. Specifically omitted from the coverage of the Act is an individual receiving voluntary out-patient treatment. Therefore a facility treating this type of patient cannot be a government agency as defined by the Judicial Code. The record clearly establishes that Cole was a voluntary out-patient and that on three occasions immediately prior to the rape, he requested in-patient treatment. The record also indicates that MCS was aware of the fact that Cole was a danger and that he was very disturbed. His request for in-patient treatment was not made to MCS, the designated mental health facility, but, was made to MCS the private business that provided mental health services for voluntary out-patients. MCS' decision not to do anything with Cole, except continue his treatment as a voluntary out-patient, certainly *could* have been the cause of appellant's injury. However, it is a matter for the trier of fact to determine. Accordingly, we vacate and remand.

## ORDER

Now, September 8, 1988, the Order of the Court of Common Pleas of Montgomery County, dated May 11, 1987, entered at No. 80-18538, is vacated, and the case is remanded for further proceedings.

Jurisdiction relinquished.