565 A.2d 495

**Audrey McKENNA and Pittsburgh National Bank, Co–Executors of the Estate of John McKenna, Deceased, Appellees,**

v.

**William E. MOONEY, M.D., Appellant.**

Superior Court of Pennsylvania.

Argued May 18, 1989.

Filed Oct. 26, 1989.

Gilbert S. Solomon, Pittsburgh, for appellant.

William S. Schweers, Jr., Pittsburgh, for appellees.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

The wrongful death and survival actions underlying this appeal alleged that the Defendant–Appellant (hereinafter Mooney) was negligent in his medical and psychiatric care of the Plaintiff–Appellees' decedent. After an amended complaint was filed, Mooney filed his answer on January 28, 1987. On December 11, 1987, Mooney sought leave of court to amend his answer to plead the immunities included in the Mental Health Procedures Act (the Act), 50 Pa.C.S.A. §§ 7101, *et seq.* The court denied Mooney's petition without prejudice to refile it if he could allege that the treatment was provided in accordance with the procedures set forth in Sections 201–207 [1] of the Act. Mooney's subsequently presented second petition seeking leave to amend his answer was granted in part and denied in part.[2] Mooney now appeals that order. For the reasons which follow, we affirm.

While it is clear that a party may amend his pleading at any time either by filed consent of the adverse party or by leave of court, it is equally clear that the decision of whether or not to allow the proposed amendment of a pleading is within the sound discretion of the trial judge and that decision will not be disturbed on appeal absent an abuse of that discretion. *Winterhalter v. West Penn Power Co.*, 355 Pa.Super. 17, 512 A.2d 1187 (1986); Pa.R.C.P. 1033.

1. 50 Pa.C.S.A. §§ 7201–7207, relating to voluntary examination and treatment.
2. The petition to amend was granted to permit Mooney to plead the Act only as to the allegation that he improperly discharged Plaintiffs' decedent from the hospital; the petition was denied as to the allegations of negligent voluntary out-patient treatment.

■ The court below denied part of the proposed amendment as it was perceived to be untimely since trial was scheduled to commence within a short time. The court found that permitting the amendment in its entirety would prejudice the Plaintiff–Appellees. Mooney contends that the court abused its discretion because the amendment would not be prejudicial to the Plaintiff–Appellees. We, as an appellate court, may affirm the decision of the trial court on a basis other than that utilized by the trial court if the result is correct. *Butler v. DeLuca,* 329 Pa.Super. 383, 478 A.2d 840 (1984). In this case, we agree with the Plaintiff–Appellees that the court below was correct in denying Mooney leave to amend his complaint because the proposed amendment would be contrary to a positive rule of law. *Posternack v. American Casualty Co.,* 421 Pa. 21, 218 A.2d 350 (1960).

■ The scope of the Act is clearly stated as "establish[ing] rights and procedures for all involuntary treatment of mentally ill persons, ... and for all voluntary *inpatient* treatment of mentally ill persons." 50 Pa.C.S.A. § 7103. " 'Inpatient treatment'... includes[s] all treatment that requires full or part-time residence in a facility." *Id.* Although this Court has not yet faced this issue, the Commonwealth Court has in *McHale v. Cole,* 119 Pa.Commw. 334, 547 A.2d 485 (1988). The *McHale* court found that an individual receiving voluntary out-patient treatment was "specifically omitted from the coverage of the Act." *Id.,* 119 Pa.Commonwealth at 338, 547 A.2d at 487. We find the Commonwealth Court's observation both persuasive and dispositive. The only allegation of negligence averred in the Plaintiff–Appellees' complaint which would fall within the immunity provision of the Act, 50 Pa.C.S.A. § 7114, is Mooney's decision to discharge the decedent from the hospital. With respect to this claim, the court permitted Mooney to amend his answer to plead the Act as a defense. Because the Act would clearly not be applicable to any other allegation set forth in the complaint, we conclude that the

court did not abuse its discretion in refusing Mooney permission to amend his answer.

Accordingly, the order is affirmed.