586 A.2d 983

Tammy A. SCHREFFLER, Administratrix of the Estate of Richard B. Schreffler, Deceased, Individually and as the Assignee of Richard Keenan and Jean Keenan, Jointly and Severally and t/d/b/a Keenan's Tavern, Appellant,

v.

PENNSYLVANIA INSURANCE GUARANTY ASSOCIATION, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 17, 1990.

Filed Feb. 22, 1991.

W. Russell Carmichael, Media, for appellant.

Michael O'Hayer, Paoli, for appellee.

Before CAVANAUGH, WIEAND and HUDOCK, JJ.

CAVANAUGH, Judge:

The sole issue presented in this appeal is whether the Pennsylvania Insurance Guaranty Association (PIGA) may

be held liable for bad faith failure to settle a claim against the insureds of an insolvent insurer.

This case is brought by the administratrix of the estate of decedent who died as a result of an automobile accident. The administratrix sued the tavern, Keenan's Tavern, at which the decedent had been drinking on the day of the accident for serving alcoholic beverages to decedent and his companion when they were visibly intoxicated. The tavern was insured by Amherst Insurance Company, which became insolvent. Pursuant to the terms of the Pennsylvania Insurance Guaranty Association Act (the Act),[1] PIGA undertook the payment of covered claims owed by Amherst.

Besides the wrongful death action instituted by appellant, a declaratory judgment action was commenced by PIGA to determine the limitation of its liability under the terms of both the contract of insurance and of the Act. Appellant offered to settle for $75,000.00, but this offer was rejected by PIGA. PIGA quesitoned the amount of appellant's recovery, if any, under the terms of the insurance policy in light of the claims made by decedent's companion at the time of the accident. Appellant and the Keenans stipulated to an entry of judgment in excess of $1 million, the Keenans assigned their rights against PIGA to appellant, and the instant suit was filed.

In response to the complaint for damages for bad faith failure to settle, PIGA filed preliminary objections in the nature of a demurrer. It asserted three bases upon which it sought dismissal of the complaint: appellants did not seek recovery for a "covered claim" within the meaning of the Act; PIGA is immune from suit for a claim of bad faith failure to settle; and lack of privity between the parties precludes recovery.

The lower court granted the preliminary objections on the grounds that the complaint did not allege a "covered claim" within the meaning of the Act. It concluded that the allegations of bad faith failure to settle did not arise under

---

1. 40 P.S. § 1701.101 *et seq.*

PIGA's responsibility as the deemed insurer, but from actions taken in its own right as the entity handling the claim. "It is, therefore, in the nature of a tort claim resulting from improper or wrongful adjustment of the claim. Clearly, it does not arise from the direct obligations of the insurance contract itself." Lower Court Opinion, 3–1–90, at 4. Therefore, the claim was not cognizable under the Act. The lower court did not reach the immunity or privity issues since it found for PIGA on another basis.

 After study of the law, we determine that PIGA enjoys immunity from liability under 40 P.S. § 1701.601, and we affirm the order of the lower court.[2]

The immunity provision of the Act is as follows:

### § 1701.601 Immunity

There shall be no liability on the part of and no cause of action of any nature shall arise against any member insurer, the association or its agents or employes, the board of directors, or the commissioner or the representatives for any action taken by any of them in the performance of their respective powers and duties under this act.

Appellant does not address the merits of the immunity issue in her brief. Rather she states that since the lower court did not base its decision upon immunity, the issue is not before this court. Brief for Appellant, at 13 n. 2. On the contrary, as noted above, we may affirm the decision of the lower court for a reason other than the one utilized by it.

 Where the words of a statutory enactment are clear and unambiguous, the statute must be construed according to its plain and obvious meaning. *Blackwell v. Pennsylvania Insurance Guaranty Association*, 390 Pa. Super. 31, 567 A.2d 1103 (1989). We conclude that PIGA,

---

2. This court may affirm the decision of a trial court for reasons other than those relied upon by the trial court. As long as the result is correct, the decision will be affirmed. *McKenna v. Mooney*, 388 Pa.Super. 298, 565 A.2d 495 (1989); *Butler v. DeLuca*, 329 Pa.Super. 383, 478 A.2d 840 (1984).

under § 1701.601, has no liability for actions taken by it in performance of its duties under the Act. Applying the clear language of the statute requires the conclusion that there is no cause of action for bad faith failure to settle since settlement is a power conferred upon PIGA under the terms of the Act.

Appellee cites *Fernandez v. Florida Insurance Guaranty Association, Inc.,* 383 So.2d 974 (Fla.Dist.Ct.App.1980) in support of a finding of immunity. The court in *Fernandez* applied a Florida statute, similar in terms to § 1701.601, to preclude a cause of action for bad faith failure to settle against its state insolvent insurer guaranty association. The court stated:

> It is obvious that the present claim arises from FIGA's refusal to accept the $10,000 settlement offer which was an "action" it took "in the performance of [its] powers and duties" under the statute to dispose of the covered claim in question. An application of the plain terms of § 631.66, which neither require nor permit judicial construction, therefore compels the conclusion that no bad faith action lies against FIGA.

*Id.* at 975.

We find the language employed by the Pennsylvania legislature in conferring immunity on PIGA to be equally clear and we are bound to apply its terms.

 As this court discussed in *Blackwell,* the Act does not intend to place a claimant in all cases in the same position she would have been had the insurance company remained solvent. The Act creates a means by which limited recovery may be had in instances where none would have been possible due to the insolvency. Where the Act explicitly denies a recovery, creates an immunity, or bars a cause of action, that provision must be strictly construed.

Although, as noted, appellant does not present argument on the immunity issue, the certified record contains appellant's Brief in Support of Plaintiff's Reply to the Preliminary Objections of the Defendant, in which she treats the

314

question of immunity. She relies upon § 1701.201(b)(2)(iii), (the association may: sue or be sued). This provision is simply a statement of amenability to appropriate legal actions, and may not serve to create a cause of action where none exists. Under the terms of § 1701.601, *no cause of action* arises for any action taken under the Act. Therefore, the "sue or be sued" provision does not vitiate the effect of the immunity section.

Because PIGA is immune from the liability alleged in the complaint, the lower court properly sustained the preliminary objections.

Order affirmed.