**PENNSYLVANIA INSURANCE GUARANTY ASSOCIATION, Plaintiff,**

v.

**Brad TRABOSH, Defendant.**

**Civ. A. No. 90–2295.**

United States District Court, E.D. Pennsylvania.

Dec. 23, 1992.

John J. Coffey, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for plaintiff.

David S. Katz, Norristown, PA, for defendant.

MEMORANDUM

HUYETT, District Judge.

On May 21, 1989 Defendant sustained serious permanent injuries in a traffic accident that occurred at the intersection of Route 3012 and Route T517 in Upper Macungie Township, Lehigh County, Pennsylvania. The accident was caused by a negligent third party. At the time of the accident, Defendant was driving a tractor trailer owned by his employer, Centerport Milk Hauling Cooperative (Centerport). Defendant was acting within the scope of his employment and received workers' compensation benefits as a result of his injuries. Defendant also received $50,000 from the third party's insurer and $100,000 from the insurance policy covering his personal vehicle. Defendant then sought to recover from Centerport's motor vehicle insurer, American Universal Insurance Group (AUIG). That policy covered all drivers, of which Defendant is one, and contained limits of liability of $500,000 and underinsured motorist benefits of $35,000. According to Defendant, however, at no time was any waiver executed by Centerport which waived the equal limitation requirement mandated by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. Cons.Stat.Ann. §§ 1701–1799 (Supp.1992) (MVFRL). Defendant filed for arbitration pursuant to the AUIG policy.

AUIG commenced this declaratory judgment action against Defendant. AUIG asked the Court to declare that Defendant was not entitled to recover underinsured motorist benefits under the AUIG policy because the exclusivity provision of the Pennsylvania Workmen's Compensation Act, Pa.Stat.Ann. tit. 77, § 481(a) (1992) prevented an employee from recovering against the employer's automobile policy. In the alternative, AUIG asked the Court to declare that AUIG's limit of coverage to Defendant was $35,000 pursuant to the underinsured motorist provisions of the policy.

On cross-motions for summary judgment, the Court granted AUIG's motion and denied Defendant's motion. The Court declared that, under the facts of the case, the exclusivity provision of the Pennsylvania Workmen's Compensation Act, Pa.Stat. Ann. tit. 77, § 481(a) (1992) precluded Defendant from bringing a claim against AUIG for underinsured motorist benefits under the motor vehicle insurance policy written by AUIG for Defendant's employer, Centerport, for damages sustained in the May 1989 accident. The Court, therefore, did not reach AUIG's second argument that its liability under the policy should be limited to $35,000. *American Universal Ins. Group v. Trabosh*, No. 90–2295 (E.D.Pa. Feb. 26, 1992).

Defendant appealed the Court's order. In the meantime, AUIG had become insolvent and the Pennsylvania Insurance Guaranty Association (PIGA) assumed all of AUIG's rights, duties, and obligations pursuant to the Pennsylvania Insurance Guaranty Association Act, Pa.Stat.Ann. tit. 40, §§ 1701.101–.605 (1992) (PIGAA). PIGA moved the court of appeals to substitute PIGA for AUIG as the real party in interest and to remand the case to this Court because of postdecision developments in state law. The court of appeals granted PIGA's motion. *American Universal Ins. Group v. Trabosh*, No. 92–1255 (3d Cir. June 25, 1992).

On remand from the Third Circuit, this Court held that the Motor Vehicle Financial Responsibility Law takes precedence over the Workmen's Compensation Act's exclusivity provision and that, therefore, pursuant to section 1735 of the MVFRL, Defendant is entitled to recover both workers' compensation benefits and underinsured motorist benefits via his employer's motor vehicle insurance policy. *Pennsylvania Insurance Guaranty Association v. Trabosh*, No. 90–2295, slip op. at 3–4 (E.D.Pa. Oct. 30, 1992). The Court further held that pursuant to the language of the arbitration clause of the motor vehicle insurance policy and the Pennsylvania Arbitration Act, 42 Pa.Cons.Stat.Ann. §§ 7301–7320 (1982), the parties shall proceed with arbitration to settle the dispute over Defendant's recovery of underinsured motorist benefits. The Court, therefore, denied Plaintiff's motion for summary judgment and granted Defen-

**524**

dant's motion for summary judgment. *Id.* at 4–7.

Plaintiff PIGA has filed a motion for reconsideration of the Court's October 30, 1992 Order. Plaintiff asks this Court to declare that the limit of coverage under the policy issued by the insolvent insurer, AUIG, is $35,000. Plaintiff argues that "because the real party in interest is now the Guaranty Association and not the insolvent insurer, public policy requires that the issue raised herein be addressed by this Court and that the matter not be submitted to arbitration." Pl.Mem. of Law at 4.

█ A motion for reconsideration of a final judgment will generally be construed as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment if the motion does not cite a specific federal rule. *Koshatka v. Philadelphia Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir.1985). Here, Plaintiff has not cited a specific rule and thus the Court will consider its motion under Rule 59(e).[1] According to the Third Circuit, the purpose of a motion for reconsideration, under Rule 59(e), is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.

█ Plaintiff PIGA argues that because it is not an insurance carrier, but rather a creature of statute, public policy requires that the Court, and not an arbitration panel, determine the limit of PIGA's obligations to Defendant before referring the matter to arbitration. Nothing in the Pennsylvania Insurance Guaranty Association Act (PIGAA) or the case law cited by Plaintiff, however, compels this conclusion. While it is true that PIGA's obligation to an insured is no more than $300,000 less a deductible of $100, regardless of the coverage limitations contained in the insurance policy issued by the insolvent insurer, PIGA § 1701.201(b)(1)(i), nothing in the act states that a court should ignore an arbitration clause in the insurance policy that states that disputes regarding an insured's entitlement to damages or disputes regarding the amount of damages are subject to arbitration.

Furthermore, the cases cited by Plaintiff do not convince this Court that Plaintiff is entitled to the relief that it seeks. *Schreffler v. Pennsylvania Insurance Guaranty Association*, 402 Pa.Super. 309, 586 A.2d 983 (1991), *Blackwell v. Pennsylvania Insurance Guaranty Association*, 390 Pa.Super. 31, 567 A.2d 1103 (1989) and *Sands v. Pennsylvania Insurance Guaranty Association*, 283 Pa.Super. 217, 423 A.2d 1224 (1980) do stand for the proposition, among other things, that the obligations of PIGA as a successor of an insolvent insurer may be more limited than the obligations of the insolvent insurer, and that the PIGAA does not intend to place a claimant in all cases in the same position he would have been had the carrier remained solvent. Nevertheless, there is nothing inconsistent in recognizing this proposition and at the same time referring disputes over coverages under the policy to arbitration, subject to the statutory limitations on PIGA's liability. Plaintiff also cites *Besack v. Rouselle Corp.*, 706 F.Supp. 385 (E.D.Pa.1989). While the present case may be factually similar to *Besack* in that in both cases PIGA sought an offset of its obligations to the extent of the amount of workers' compensation benefits paid to the injured worker, *Besack* did not address at all the issue of whether a court must determine the limit of PIGA's obligation to an insured before submitting the matter to arbitration. Finally, the Court can distinguish *Dessie Weaver v. Travelers Insurance Company*, No. 1619 (Pa.C.P.Phil.Cty. Jan. 1992). In that case the court would not order arbitration in a claim involving the Pennsylvania Assigned Claim Plan, a

---

1. Rule 59(e) states that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of judgment." Here, the Clerk entered judgment on November 4, 1992. Plaintiff served its motion for reconsideration on Defendant's counsel on November 16, 1992. Because the time for service is less than eleven days, Saturdays, Sundays, and legal holidays are not counted. Fed.R.Civ.P. 6(a). Therefore, Plaintiff's motion is timely.

creature of statute arising under the Pennsylvania No Fault Act. The Pennsylvania Assigned Claim Plan assigned the claim to Travelers Insurance Company because the injured plaintiff had no insurance policy. The facts of this case are completely different because here there is an insurance policy, which contains an arbitration clause, and under the statute PIGA assumes all of the rights, duties and obligations the insolvent insurer.

The law in this case would appear to be clear. One of the purposes of the Pennsylvania Insurance Guaranty Association Act is "[t]o provide a means for the payment of covered claims under certain property and casualty insurance policies, to avoid excessive delay in the payment of such claims, and to avoid financial loss to claimants or policyholders as a result of the insolvency of an insurer." Pa.Stat.Ann. tit 40, § 1701.102(1) (1992). To achieve the purposes of the statute PIGA is "deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if that insurer had not become insolvent." *Id.* § 1701.-201(b)(ii). As the Pennsylvania Supreme Court has stated

> The only limitation placed upon an injured party is that the Association's own limitations of liability apply rather than that of the insolvent insurer. Thus, by clear and unambiguous terms of the statute, PIGA is deemed to be an insurer and is placed in the stead of the insolvent insurer, with all of that insurer's rights, duties, and obligations.

*Donegal Mut. Ins. Co. v. Long*, 528 Pa. 295, 597 A.2d 1124, 1127 (1991). Accordingly, the insurance policy entered into between American Universal Insurance Group and Brad Trabosh remains in force. The only exception is that the statutory limit of $300,000 less the $100 deductible applies and not the limit of $500,000 contained in the policy. PIGA has all the rights, duties, and obligations of AUIG.

One of those obligations is to abide by the language of the insurance policy's arbitration clause. In the Order of October 30,

1992 this Court analyzed the arbitration issue thoroughly. Plaintiff has not presented any law or facts that would lead the Court to change its analysis and conclusion. Therefore, the parties shall proceed to arbitration where the arbitration panel may decide the issues of limitations of coverage, setoff, and other issues in dispute between the parties.

For the foregoing reasons, the Court will deny Plaintiff's motion for reconsideration. The Court will order the parties to proceed to arbitration in accordance with the language of the arbitration provision of the AUIG insurance policy.