654 A.2d 1136

**Ellen TAGNANI, Appellant,**

v.

**Sylvano TAGNANI.**

Superior Court of Pennsylvania.

Argued Oct. 19, 1994.

Filed Feb. 15, 1995.

598

Elizabeth Forman, Philadelphia, for appellant.

Matthew P. Kelly, Hazelton, for appellee.

Before CIRILLO, OLSZEWSKI and HESTER, JJ.

CIRILLO, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Luzerne County. We affirm.

The parties, appellant Ellen Tagnani ("Wife") and appellee, Sylvano Tagnani ("Husband") were granted a bifurcated divorce on June 22, 1989. Economic claims were heard before a Master. Husband filed exceptions to the Master's report and Proposed Order. The trial court upheld the Master's recommendations with the exception of the following: (1) the cash award to Wife in the amount of $50,793.23 was reversed; (2) the alimony award to Wife was reduced to $750.00 dollars per month, indefinitely; and (3) the award of $10,000.00 in counsel fees to Wife was reversed. Wife filed this appeal and raises the following issues for our review:

1. Did the trial court commit reversible error by failing to defer to the Master on the following issues of credibility:

a. finding that two Northeastern Bank accounts were not marital assets,

b. including in the marital estate $60,000.00 that Wife holds in trust for her daughter and granddaughter,

c. rejecting the Master's finding that Wife borrowed $66,000.00 from Thomas Maher, and

d. rejecting the Master's findings regarding Wife's medical condition.

2. Did the trial court commit reversible error by modifying Wife's alimony award to $750.00 per month?

3. Did the trial court commit reversible error by eliminating the $50,793.00 cash award to Wife?

4. Did the trial court commit reversible error by eliminating counsel fees and costs awarded to Wife?

Wife contends that the trial court erred in reversing some of the Master's recommendations, where those recommendations were based on findings of credibility. Wife argues that where the credibility of the parties is in issue, the trial court is bound by the Master's findings.

 Notwithstanding the fact that the Master observes and hears the testimony of the witnesses, the trial court is not bound by the master's recommendations. *Murphy v. Murphy,* 410 Pa.Super. 146, 153–54, 599 A.2d 647, 651 (1991), *appeal denied,* 530 Pa. 633, 606 A.2d 902, *cert. den.,* —— U.S. ——, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). "In reviewing the trial court's determination, we must keep in mind that the court was free to accept or reject the parties' testimony." *Sergi v. Sergi,* 351 Pa.Super. 588, 597, 506 A.2d 928, 933 (1986) (citation omitted). "Although the master's report is entitled to great weight, that final responsibility for making the [equitable] distribution [of property] rests with the court. Our review is thus based on the court's distribution of property." *Trembach v. Trembach,* 419 Pa.Super. 80, 86, 615 A.2d 33, 36 (1992) (citing *Morschhauser v. Morschhauser,* 357 Pa.Super. 339, 516 A.2d 10 (1986)).

 The determination of whether an asset is part of the marital estate is a matter within the sound discretion of the trial court. *Perlberger v. Perlberger,* 426 Pa.Super 245, 263–64, 626 A.2d 1186, 1196 (1993) (citing *Ruth v. Ruth,* 316 Pa.Super. 282, 462 A.2d 1351 (1983)). An abuse of discretion is only found where the trial court does not follow legal procedure or misapplies the law. If supported by credible evidence, we will not reverse a trial court's findings of fact. *Perlberger, supra.*

 Wife contends that the Master erred: in finding two Northeastern Bank accounts were not marital assets; by including in the marital estate $60,000.00 that Wife holds in trust; by rejecting the claim that Wife received a $66,000.00 loan; and by eliminating the $50,793.00 cash award to Wife.

Wife testified as to the existence of a Northeastern Bank account, a Northeastern Bank certificate of deposit, and a trust fund for her daughter and granddaughter in the amount of $60,000.00. Wife further testified that she received a $66,000.00 loan. The trial court found no corroborating documentation in the certified record to support these contentions. Husband denied that the two bank accounts existed at the

time of separation, that a trust fund existed, and that Wife received a $66,000.00 loan.

In *Wayda v. Wayda*, 395 Pa.Super. 94, 104–05, 576 A.2d 1060, 1065 (1990), the court declined to accept the undocumented testimony of wife that she had an agreement with her father to do work around the house in exchange for a reduction in a debt owed to him. In the absence of written evidence, the trial court is "free to assign whatever weight it chose to this testimony." *Wayda*, 395 Pa.Super. at 106–07, 576 A.2d at 1066. *See also Sergi v. Sergi*, 351 Pa.Super. 588, 597–98, 506 A.2d 928, 933 (1986) (where husband and wife disagreed as to the amount of premarital cash contributed by wife to their joint account, the trial court was free to accept or reject either parties' testimony).

In the instant case, as in *Wayda*, the trial court chose not to acknowledge the existence of the bank accounts, the trust fund, or the loan in the absence of other written documentation. "In the absence of an error of law or an abuse of discretion, this court is bound by the findings of fact of the lower court." *Wayda*, 395 Pa.Super. at 106–07, 576 at 1066 (citation omitted). After a careful review of the record, we find no abuse of discretion. *Wayda, supra.*

▪ Wife next contends that the trial court erred by eliminating the $50,793.00 cash award to her. The trial court found that this cash award, in addition to the assets retained at the time of separation as well as the amount of money and assets received from the distribution of property, was not equitable.[1]

---

1. The Master noted that "a large amount of the assets were unilaterally divided between the parties at the time of separation." He then proposed that Wife be awarded $419,017.23 in equitable distribution of property. The intended equitable distribution of property recommended by the master is clear from the record. The trial court's intention to eliminate the cash award to wife, notwithstanding the language referred to in the dissent, is likewise clear from a careful review of the record. Nevertheless, "as an appellate court, we may affirm the decision of the lower court by reasoning different than that used by the lower court." *McKenna v. Mooney*, 388 Pa.Super. 298, 302, 565 A.2d 495, 496 (1989). The trial court's marital property distribution scheme results in an equitable distribution award to Wife in the amount of $368,224.00.

"Absent an abuse of discretion on the part of the trial court, we will not reverse an award of equitable distribution." *Murphy*, 410 Pa.Super. at 158–59, 599 A.2d at 653. After a careful review of the record, we find no abuse of discretion. *Murphy, supra.*

■ Wife further asserts that the trial court erred in rejecting the Master's findings regarding her medical disability. The issue of physical impairment and the ability to earn money is a factual one. *O'Callaghan v. O'Callaghan*, 530 Pa. 176, 180–81, 607 A.2d 735, 737 (1992). Evidence was presented that Wife had worked as a private duty nurse, earning $140.00 per day. Wife was also a licensed real estate agent.

Wife offered no medical testimony regarding her alleged medical disability. Wife's condition "did not concern matters with which a lay person would be familiar," nor was the identity of Wife's physician(s) known to Husband so that her testimony could have been refuted. *Verdile v. Verdile*, 370 Pa.Super 475, 482–83, 536 A.2d 1364, 1368 (1988). Additionally, there was no evidence of the receipt of Social Security disability. *Remick v. Remick*, 310 Pa.Super. 23, 30–32, 456 A.2d 163, 167 (1983).

Further, Wife admitted her physician never instructed her not to work. Therefore, we find no abuse of discretion in the trial court's finding that Wife was not suffering from a medical disability. *Perlberger, supra*, 426 Pa.Super. 245, 626 A.2d 1186.

■ Next, Wife argues that the court erred in modifying her alimony award to $750.00 per month. Our standard of review of an award of alimony is limited to a determination of whether the trial court abused its discretion. *Nemoto v. Nemoto*, 423 Pa.Super. 269, 273–75, 620 A.2d 1216, 1218 (1993) (citations omitted). There must be clear and convincing evidence of an abuse of discretion. *Id.* at 275–77, 620 A.2d at 1219. An abuse of discretion exists where the law is "overridden or misapplied, or if the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record." *Id.*

Indefinite alimony in the amount of $2000.00 per month was awarded to Wife by the Master. The trial court determined that the Master erred in calculating Wife's net monthly income to be $647.00. The Master had failed to take into account the monthly dividend and interest income received by Wife as evidenced by her Income Tax Returns for the years 1984 through 1990.

Further, considering Wife's skills as a private duty nurse, licensed real estate agent, and the sizable equitable distribution award, the trial court determined the amount of alimony required to effectuate economic justice would be $750.00 per month. The trial court did not abuse its discretion in this determination. *Nemoto, supra.*

Finally, Wife argues that the court erred in eliminating her award of counsel fees. Wife stated that her counsel fees and expenses, including expert witnesses, totaled $55,694.12. In reviewing an award of counsel fees, "this court is limited to a determination of whether the trial court abused its discretion." *Verdile,* 370 Pa.Super. at 482–83, 536 A.2d at 1368–1369. The court must consider "the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution." *Perlberger,* 426 Pa.Super. at 284, 626 A.2d at 1207.[2] Where the distribution of property is sufficient, both parties may be required to pay their own legal fees. *Adelstein v. Adelstein,* 381 Pa.Super. 221, 224, 553 A.2d 436, 437 (1989).

The trial court evaluated the financial situation of the parties. Based on the amount of money Wife will receive by way of equitable distribution and alimony, the court deter-

2. In *Perlberger,* Wife received $438,191.00 in equitable distribution. The trial court found that there were bills from one firm for $283,-000.00 in fees plus $44,955.00 for costs. Considering all the relevant factors, it denied the award of counsel fees and costs. In the instant case, wife has outstanding bills for counsel fees and costs in the amount of approximately $55,000.00.

mined Wife had the capacity to pay her own legal fees. We find no abuse of discretion. *Verdile, supra,* 370 Pa.Super. 475, 536 A.2d 1364.

Order affirmed.

OLSZEWSKI, J., files a concurring and dissenting opinion.

OLSZEWSKI, Judge, concurring and dissenting:

I concur with the well-reasoned majority disposition on all of the issues raised by appellant regarding the Master's credibility determinations, the alimony award, and counsel fees. I must respectfully dissent, however, on the issue of the $50,793 cash award.

Appellant first claims that the trial court erred in not accepting the Master's credibility determinations on four specific issues: two Northeastern Bank accounts, a $60,000 trust, a $66,000 loan, and Wife's physical disability. I agree with the majority that the trial court did not abuse its discretion in making its own findings on these four issues.

Regarding the alleged bank accounts, trust, and loan, the Master found Wife's testimony credible and determined that each of these items indeed existed, despite Husband's denials. While a Master's report is entitled to the fullest consideration on issues of credibility, a trial court need not blindly accept credibility determinations when there is no supporting evidence. *See Herwig v. Herwig,* 279 Pa.Super. 65, 69–70, 420 A.2d 746, 748 (1980). Since Wife is asserting the existence of certain financial arrangements (bank accounts, trusts, and loans), she ought to be required to produce some sort of documentary evidence to support their existence. Unlike a claim of marital infidelity, where supporting evidence is unlikely and the case boils down to a "swearing match," *Hargrove v. Hargrove,* 252 Pa.Super. 120, 156–57, 381 A.2d 143, 146–47 (1977) (en banc), a claim regarding the existence of a bank account, a trust, or a loan is normally evidenced by written documents. It is not unreasonable to require the party asserting the existence of such financial arrangements to produce the supporting documentation. Since Wife's testimony was not supported by any documentation, the trial court

did not abuse its discretion by refusing to accept the Master's findings in favor of Wife.

Similarly, where one party is claiming a physical disability that cannot be easily viewed or verified by a lay person, it is not unreasonable to require supporting evidence beyond the claimant's own self-serving testimony. *Cf. Verdile v. Verdile,* 370 Pa.Super. 475, 482–84, 536 A.2d 1364, 1368 (1988) (finding claimant's testimony enough when it concerned problems with which a lay person would be familiar); *Remick v. Remick,* 310 Pa.Super. 23, 30–32, 456 A.2d 163, 167 (1983) (en banc) (finding claimant's testimony, along with evidence of Social Security disability benefits, sufficient to support claim of physical disability). In the instant case, the only evidence that Wife presented concerning her alleged disability was her own testimony. Since Wife's alleged disability concerned physical ailments which could not be viewed or verified by a lay person,[1] the trial court did not err in finding that the Master's credibility determination in favor of Wife was not supported by sufficient evidence.

I also concur with the majority on the issues regarding the alimony and counsel fees. The trial court acted properly in reviewing the relevant factors, and did not abuse its discretion in adjusting the awards.

I disagree, however, with the majority's treatment of the $50,793 cash award. The Master awarded Wife $368,224 in marital assets, plus a cash award of $50,793. This $50,793 cash award was comprised of the value of Philadelphia Electric stock shares, one-half of the proceeds from the sale of certain real estate, and one-half of the rental payments from Husband's business. It appears that the trial court eliminated the $50,793 cash award in the erroneous belief that it was **in addition to** the stock, the real estate proceeds, and the rental proceeds. The trial court wrote:

> Husband's next exception relates to the Master erring in his award of an excessive amount of cash to Wife, including the

1. Wife claimed to have a heart valve problem, a herniated disc, macular degeneration of the right eye, and sporadic bleeding. Opinion 10/14/93, at 14.

award to Wife of the value of Philadelphia Electric Stock in the amount of $17,000.00, one-half of the proceeds from the sale of real estate, one-half of rental payments for Husband's business and a cash distribution of $50,793.00 above the items she retained at the time of separation.

Opinion 10/14/93, at 16–17. This statement indicates that the trial court believed that Wife was awarded four items beyond the marital assets in her possession: the stock, the real estate proceeds, the rental payments, **and** the $50,793. The court intended to eliminate the cash, but presumably intended to retain the award of the stock, the real estate proceeds, and the rental payments. Since we cannot be sure of the trial court's intended distribution, I would remand for a determination of whether Wife should receive the $50,793 cash award.