POLSTON, J.
Appellant Florida Insurance Guaranty Association, Inc. (“FIGA”) argues that the final summary judgment in favor of appel-lee Betty Jones was entered in error because (i) appellee’s alleged causes of action are not cognizable under Florida law, (ii) appellee’s alleged causes of action are barred by the applicable statutes of limitations, and (iii) there is no lawful basis for the amount of damages awarded and interest on the judgment.
We hold that appellee’s alleged causes of action are not cognizable under Florida law, and therefore agree with appellant that the final summary judgment should be reversed. Because of our ruling, we do not reach appellant’s remaining issues and we reject appellee’s cross-appeal relating to her claims for additional damages and interest.

I. Background of Excess Judgement

In a preceding lawsuit brought by appel-lee, it was alleged that on May 18, 1994, Heath Gilliam was negligently operating a motor vehicle in Leon County, Florida, causing the death of Althea Jones. It was further alleged that Heath Gilliam operated the motor vehicle with the permission of Anthony Dixon, an employee of Spruill Auto Sales, and that Michael Pratt had given his permission to Mr. Dixon to operate the vehicle which was available for sale at Spruill Auto Sales. Appellee, as personal representative of Althea Jones’ estate, brought the preceding action under the Florida Wrongful Death Act against Heath Gilliam and Michael Pratt d/b/a Spruill Auto Sales. Michael Pratt’s insurance company, Dealers Insurance Company was declared insolvent in December, 1994. Accordingly, appellee’s claims against Michael Pratt became subject to the Florida Insurance Guaranty Association Act, section 631.50 et seq., Florida Statutes.
FIGA’s investigation and review of the insurance policy’s conditions led it to conclude that the claims against Michael Pratt were not covered by the FIGA Act and it therefore took no action to defend appel-lee’s claims against him. After a default was entered against Michael Pratt, a jury verdict on damages was returned and final judgment entered for $75,000,000. Michael Pratt assigned all of his rights against Dealers Insurance Company and/or FIGA to appellee.
This case involves appellee’s attempts to collect on the $75,000,000 judgment, which was allegedly caused by FIGA’s failure to defend Michael Pratt.

*1022
II. Alleged Causes of Action

In Counts I and II of her complaint, appellee alleges that FIGA breached its statutory and contractual obligations to Michael Pratt, which “constitute a breach of the policy obligations and caused catastrophic damages to MICHAEL PRATT d/b/a SPRUILL AUTO SALES in the form of a Judgment in the amount of $75,000,000 against MICHAEL PRATT d/b/a SPRUILL AUTO SALES with interest accruing thereon at the statutory rate.” Appellee alleges in Count III that FIGA breached its fiduciary obligations to Michael Pratt, which “resulted in the excess judgment” against Michael Pratt.
Agreeing with appellee’s allegations, the trial court ruled in the final summary judgment that FIGA “had an obligation and a duty to defend its insured, MICHAEL PRATT. Because it refused to do so, Mr. Pratt had a $75,000,000 judgment entered against him.” The trial court awarded $299,900 plus statutory interest from the date the judgment was entered against Mr. Pratt on May 16,1997, for a total amount of $433,178.84.[1] The trial court erred because these alleged claims are not cognizable under the FIGA Act.
The FIGA Act provides “a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer.” See § 631.51(1), Fla. Stat. (1995). The Association is a statutorily-created nonprofit corporation that pays specified claims owed by insolvent insurance companies that most likely would be otherwise unpaid. See § 631.57(1), Fla. Stat. (1995). Accordingly, the Florida Legislature has treated FIGA differently from the insolvent insurance companies it pays claims for, by providing various limitations on claims FIGA is obligated to pay, a one-year statute of limitations, and immunity to FIGA. See §§ 631.57, 631.66, 631.68, 95.11(5)(d), Fla. Stat. (1995). FIGA’s immunity statute states:
There shall be no liability on the part of, and no cause of action of any nature shall arise against, any member insurer, the association or its agents or employees, the board of directors, or the department or its representatives for any action taken by them in the performance of their powers and duties under this part....
Section 631.66, Fla. Stat. (1995).
Appellee’s claims for damages, as alleged, are not covered obligations under the FIGA Act and are barred by FIGA’s immunity protection. See Fernandez v. Florida Ins. Guaranty Ass’n, Inc., 383 So.2d 974 (Fla. 3d DCA 1980)(holding that a claim for an excess judgment, alleging FIGA’s bad faith refusal to settle a claim, could not be maintained). Therefore, we hold that appellee’s alleged causes of action are not cognizable.
REVERSED and REMANDED.
VAN NORTWICK, J., and SMITH, LARRY G., Senior Judge, concur.

. The trial court apparently limited the award to $299,900 based on section 631.57(l)(a)2., Florida Statutes, which limits the amount of covered claims to the amount which is in excess of $100 and is less than $300,000.”